FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

3/20/2015 5:05:17 PM

KEITH E. HOTTLE
Clerk

# Appendix A

Before me, the undersigned authority in and for the State and County aforesaid, on this day personally appeared
Nathan Lawson, who being by me first duly sworn upon his/her oath deposes and says:

My name is Nathan Lawson. I am 21 years old. I completed college level course work. I can read, write and understand the English language. I am at the San Antonio Police Department speaking to Detective R. Barnes # 2510 about what happened today.

Tonight I was at my apartment with my roommate Nicholas Raden, girlfriend Sabriya Goldstone, and Raden's girlfriend Roxanne Cunningham. We were hanging out in the apartment and drinking beer. Raden was not drinking because he was going to drive Roxanne home later. I called my supervisor Philip Jones and invited him over around 10:00pm. I heard a knock on the door around 10:30pm and I assumed it was Jones so I opened the door without looking through the peephole. When I opened the door, a guy grabbed me by my shirt and pushed me inside my apartment. The guy was black, about 6'01" 170lbs, long dreadlocks, goatee, wearing a black hooded sweatshirt with the hood up, dark blue jeans, and black and white Jordans. I fought with the guy and was able to get him into a headlock. The guy started to slam me against the sliding glass door. I lost my footing and the guy grabbed my leg. That caused me to fall to the ground. When I hit the ground, the guy punched my face. That is how I got the bruises on my forehead and around my right eye. I put my arms over my face to protect myself. The guy grabbed me by the wrists and held my arms to the floor so I couldn't move. He told me, "Stop fighting or I'm going to kill everyone in here. I have a gun." I saw something that looked like a gun in the front pocket of a second male that entered the apartment and fought with Raden. The sweatshirt was weighed down and looked like the pocket had an outline of a gun. I stopped resisting because he said he was going to kill us and I thought they had a gun.

While I was struggling with the guy with the dreadlocks, another guy started to fight with Raden. That guy was light skinned, mixed, maybe Puerto Rican and black, about 5'4" 200lbs, stocky build, short fade haircut, chin hair, wearing a dark hooded sweatshirt, dark jeans, and Sperry's boat shoes. That guy put Raden into a headlock. He looked like he knew how to wrestle by the moves he was using against Raden. The guy was telling Raden to, "Stop fighting." The guy would look back toward me, but every time he looked back at me he covered his face with his hood. It was like he knew I would recognize him. He did that about 3 times. The guy put Raden on the ground in a headlock.

A third guy came into the apartment and went straight to the bedroom. That guy was black, dark complexion, about 5'11" 140lbs, wearing a red bandana over his face, black hooded sweatshirt, dark jeans, and gray and dark blue shoes. I could hear cords being pulled out. The guy with the dreadlocks told me, "Don't move or I'll kill everyone." I stayed still and the guy with the dreadlocks walked back to the bedroom with the third guy. I told the guy holding Raden that I needed to sit up because I just had chest surgery. I was trying to look for my phone. The guy holding Raden told me I could sit up. I told Raden to stop fighting and let them do what they were going to do. I told the guys to take everything they wanted and leave. The guy holding Raden said, "Don't fight or I'll put holes in all of you."

Signature _Nathan Lawson_     Date 19 OCT 2013

Statement taken by _R. Barnes_ 2510
Det. R. Barnes #2510



The guy with the dreadlocks and the third guy came out of my bedroom with my 32" flat screen TV and Xbox. The third guy no longer had the bandana over his face; he had Raden's Michigan sweatshirt on over his head and face so I could not see him. They left the apartment with the TV and Xbox and came back. When they came back they took a drawer full of shoes and my black backpack out of the apartment. The guy holding Raden stayed in the living room with us the whole time. When they were walking out with the drawer full of shoes and backpack, the third guy said, "We're done. Thanks for your cooperation." I told Raden not to move when they let him go because I didn't want him to get hurt.

When all this happen, my girlfriend had run to the bathroom and locked herself in. Roxanne was on the floor next to Raden. I guess Roxanne got hit in the jaw, but I didn't see that. When the guys left the apartment, I ran to the bathroom to check on Sabriya. She was fine. I got my semiautomatic Ruger handgun. I went out the backdoor of my apartment and saw the security guard Acevedo and told him what happened. Acevedo saw the guys running in the parking lot and took off running. When I saw Acevedo take off, I ran down the stairs and went to the front of the apartments. I cut to the side and saw the guys running away from a 1994 cream Cadillac with the sticker "Eat Greedy" on the back window. They ran toward the exit of the apartments off Culebra. I raised my gun to aim at the guys, but I saw civilians so I lowered my weapon and continued to chase them. When I got to the exit, I lost sight of the guys. I walked back into the complex gate and looked through the fence. I saw the guys running through the field on the other side of the fence. I got into Acevedo's truck with him to chase the guys into the field, but SAPD pulled up so we stopped and blocked the Cadillac with Acevedo's truck.

I looked inside the Cadillac through the windows. I saw my TV, Xbox, drawer full of shoes, backpack, and Raden's Michigan sweatshirt inside the Cadillac. My property was in the front seat and backseat of the Cadillac. I told the officers that my stolen property was in the Cadillac and told them the direction the guys were running. I stayed with the officers.

Acevedo told me that he saw one of the guys running with a backpack. I think they may have been my backpack too, but I did not see them walk out of the apartment with it. I was also missing two other drawers, but I did not see them carry those out. I think they filled the drawers with my shoes because I was missing a lot of shoes.

I recognized the voice of the guy that was holding Raden in a headlock as Airman Hayes. I use to work with Matthew Hayes in the Airforce as Military Police. I would relieve him at his post. I relieved him twice, but I also saw him around the unit building. Hayes has a distinctive voice because it is real deep with an urban accent. I knew him for about a week when he was in the unit. I did not hang out with him. Raden also worked with us. Raden told me that he thought the guy that was holding him sounded just like Hayes. I started to think about it and realized it did sound like Hayes. Acevedo also worked with our unit as a DOD Police Officer. We told Acevedo about Hayes being one of the guys involved and he said Hayes had told him that he had bought an older Cadillac.

Signature _Nathan Ranon_  Date _19 OCt 2013_

Statement taken by _R___ 2510_
Det. R. Barnes #2510




The officer drove me to this office to make a statement. While I was at the office, Det. Serna read SAPD Form 141 WLU-F Field Identification Instructions to me and showed me an individual through a window. The guy was sitting in a room. I identified the guy that was shown to me as the guy with the dreadlocks that fought with me and held me down. I signed the form Det. Serna read to me and indicated that I positively identified the guy as committing the crime. Det. Serna told me that I identified Rakeem Boyd with the date of birth 01/04/1992.

I HAVE READ THE ABOVE STATEMENT AND IT IS TRUE AND CORRECT. I WILL APPEAR IN COURT TO TESTIFY AS A WITNESS IF I AM NEEDED.
*****************************THIS IS THE END OF MY STATEMENT**************************

Signature _Nathan Jenkins_ Date _19 Oct 2013_

Statement taken by _R. Barnes 2510_
Det. R. Barnes #2510

# Appendix B

STATE OF TEXAS §
COUNTY OF BEXAR §

Case Number: SAPD13229840
Date and Time: 10-19-13/0127
Hours
Taken by: Det. R. Perez #2298

Page 1 of 2

**BEFORE ME,** the undersigned authority in and for the State and County aforesaid, on this day personally appeared, Nicholas Raden, who being by me duly sworn upon his oath deposes and says:

My name is Nicholas Raden. I am 24 years old and I was born on 12-7-88. I read and write the English Language. I have completed some College. I am in Security Forces in the United States Air Force.

I was asked to come to the Police Department and give Detective Perez a statement about what happened on the evening of 10-18-13.

Tonight, I was at my friend Nathan Lawson's apartment with my girlfriend Roxanne Cunningham. Nathan's girlfriend, Sabria, whose last name I don't know was also there. Roxanne and I had gone to Nathan's apartment to hang out. About 10:40 p.m., we heard a knock at the door. It was like a rhythmic knock. We were all in the living room. Nathan got up to the answer the door. He did not look through the peep hole. As he opened the door, a black male bumrushed him. This black male I later learned was a black male with blondish braids, big teeth, big lips and was between 6'0" and 6'2" and weighed about 180 pounds. I turned around towards the door and I got tangled up with a shorter light skinned black male, stocky built. He was wearing a black bandanna over his nose and mouth area. He put me in a headlock and I could see that he was wearing a black leather jacket. Both individuals started shouting they would kill us. At that point, I realized that I recognized the voice of the guy that had me in a headlock. The male with the blondish braids then put his hand in my side and said, "I'll blow you away." I said, "I know what knuckles feel like, that's not a gun." I was still in the headlock moving to try and breathe. The guy loosened his grip after asking me if I could breathe. I heard Roxanne shout to just stay put and at that time I knew that that was the best way to keep her safe. I saw the guy with the braids carrying Nathan's television out of the apartment and an Xbox. The television was a 40" flatscreen Vizio. The stocky guy then let me go and went running out of the apartment. I then called the Police. Nathan had left the

Signature _____

Sworn to and subscribed before me, <u>Ruben Perez #2298,</u> peace officer in the State of Texas and pursuant to Chapter 602.002 of the Texas Government Code, on the 19ᵀᴴ day of _October_, AD, 20 _13_.

_____ # 2298

Peace Officer

**STATE OF TEXAS** §
**COUNTY OF BEXAR** §

Case Number: SAPD13229840
Date and Time: 10-19-13/0127
Hours
Taken by: <u>Det. R. Perez #2298</u>

Page 2 of 2

BEFORE ME, the undersigned authority in and for the State and County aforesaid, on this day personally appeared, Nicholas Raden, who being by me duly sworn upon his oath deposes and says:

apartment to call the security guard. I stayed on the phone with the authorities and made contact with an SAPD Officer when they arrived.

I never saw any kind of weapon. I never feared for my life, I feared for Roxanne's life. I was then transported to the Police Station where I provided this statement. I was read SAPD Form 141 WLU-F and stated that I understood the form. I was then shown a person through a glass window who I identified as the guy with the braids. I was told that his name is Rakeem Boyd with a date of birth of 1-4-92.

I've known Matthew Hayes for approximately two years from work. He was Security Forces in the Air Force as well. Matthew was the stocky guy with the leather jacket involved in this whose voice that I recognized.

I have read the foregoing statement and have been advised that making a false statement to a police officer is a violation of the Texas Penal Code and is punishable by imprisonment, fine, and or both. Knowing this, I make the above statement freely and willingly, it is true and correct, and this is everything that I have told the Police.

Signature _____

Sworn to and subscribed before me, <u>Ruben Perez #2298,</u> peace officer in the State of Texas and pursuant to Chapter 602.002 of the Texas Government Code, on the 19TH day of OCTOBER, AD, 20 13.

_____ # 2298

**Peace Officer**

# Appendix C





No. 2013CR11449A COUNT I
INCIDENT NO./TRN: 9111573422

| THE STATE OF TEXAS | | IN THE 437TH DISTRICT |
| --- | --- | --- |
| | § | |
| VS. | § | COURT |
| | § | |
| RAKEEM JERMEL BOYD | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50379850 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. LORI I. VALENZUELA | Date Judgment Entered: | 08-27-2014 |
| --- | --- | --- | --- |
| Appearances: Attorney for State: | CHRISTOPHER RAMOS | Attorney for Defendant: | KRISTEN L MULLINER |

Offense for which Defendant Convicted:
**ROBBERY**

| Charging Instrument: LESSER INCLUDED OFFENSE IN THE INDICTMENT | Statute for Offense: 29.02 PC |
| --- | --- |

Date of Offense:
10-18-2013

| Degree of Offense: 2ND | Plea to Offense: NOLO CONTENDERE | Findings on Deadly Weapon: |
| --- | --- | --- |

Terms of Plea Bargain:
CAP OF TEN (10) YEARS TDCJ-ID; $1,500.00 FINE.

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | |
| --- | --- | --- | --- |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | |

| Date Sentence Imposed: | 08-27-2014 | Date Sentence to Commence: | 08-27-2014 |
| --- | --- | --- | --- |

Punishment and Place of Confinement: 8 YRS TDCJ-ID AND A FINE OF $ 1,500.00 IMPRISONMENT (INSTITUTIONAL DIVISION):

THIS SENTENCE SHALL RUN CONCURRENT WITH TIME AND MONEY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| --- | --- | --- | --- |
| $ 1,500.00 | $ 259.00 | $ 1,000.00 | ☒ VICTIM (see below) ☐ AGENCY/AGENT (see below) NATHAN LAWSON |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From: 10/19/2013 | To: 08/27/2014 | From: | To: | From: | To: |
| --- | --- | --- | --- | --- | --- | --- |
| | From: | To: | From: | To: | From: | To: |
| | From: | To: | From: | To: | From: | To: |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bexar County, Texas. The State appeared by her District Attorney.



<u>Counsel / Waiver of Counsel</u>  (select one)

[x] Defendant appeared in person with Counsel.

[ ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options</u>  (select one)

[X] Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Bexar County, Texas on the date the sentence is to commence. Defendant shall be confined in the Bexar County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

<u>Execution / Suspension of Sentence</u>  (select one)

[X] The Court ORDERS Defendant's sentence EXECUTED.

[ ] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**
IT IS FURTHER ORDERED DEFENDANT NO CONTACT WITH NATHAN LAWSON, MICHAEL HAYES OR JERROD LANIER.

Signed and entered on this _____ day of _____ AUG 2 7 2014 _____ 20 _____

Notice of Appeal: DENIED _____

JUDGE PRESIDING
LORI I. VALENZUELA
437TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 20100

DC2013CR11449A



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*March 02, 2015*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

Emily Exon, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*





No. 2013CR11449B    COUNT I
INCIDENT NO./TRN: 9111573414

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 437TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| JERROD MARQUEZ LANIER | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50379852 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. LORI I. VALENZUELA | Date Judgment Entered: | 09-09-2014 |
| Appearances: Attorney for State: | CHRISTOPHER RAMOS | Attorney for Defendant: | RICHARD E LANGLOIS |

Offense for which Defendant Convicted:
**ROBBERY**

| | |
|---|---|
| Charging Instrument: LESSER INCLUDED OFFENSE IN THE INDICTMENT | Statute for Offense: 29.02 PC |

Date of Offense:
10-18-2013

| | | |
|---|---|---|
| Degree of Offense: 2ND | Plea to Offense: NOLO CONTENDERE | Findings on Deadly Weapon: |

Terms of Plea Bargain:
CAP OF TEN (10) YEARS TDCJ-ID; $1,500.00 FINE.

| | | |
|---|---|---|
| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: |
| Date Sentence Imposed: 09-09-2014 | | Date Sentence to Commence: 09-09-2014 |

| | |
|---|---|
| Punishment and Place of Confinement: | 6 YRS TDCJ-ID AND A FINE OF $ 1,500.00 IMPRISONMENT (INSTITUTIONAL DIVISION): |

THIS SENTENCE SHALL RUN CONCURRENT WITH TIME AND MONEY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 1,500.00 | $ 324.00 | $ 0.00 | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | From: 10/19/2013 | To: 10/25/2013 | From: 05/15/2014 | To: 09/09/2014 | From: | | To: |
| Time Credited: | From: | To: | From: | To: | From: | | To: |
| | From: | To: | From: | To: | From: | | To: |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bexar County, Texas. The State appeared by her District Attorney.



<u>Counsel / Waiver of Counsel</u> (select one)

[x] Defendant appeared in person with Counsel.

[ ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options</u> (select one)

[x] **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Bexar County, Texas on the date the sentence is to commence. Defendant shall be confined in the Bexar County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

<u>Execution / Suspension of Sentence</u> (select one)

[x] The Court ORDERS Defendant's sentence EXECUTED.

[ ] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

<u>Furthermore, the following special findings or orders apply:</u>

N/A

Signed and entered on this _____ day of _____ SEP 17 2014 _____, 20____.

Notice of Appeal: DENIED _____

_Valenzuela_
JUDGE PRESIDING
LORI I. VALENZUELA
437TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 20100

DC2013CR11449B

Case Number: 2013CR11449B

ORIGINAL

Document Type: JUDGMENT OF CONVICTION BY CRT

2013CR11449B-CNVCRT

Right Thumbprint

Page 2 of 3

Page 2 of 2

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*March 02, 2015*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

Emily Exon, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

Case Number: 2013CR11449B                    Document Type: JUDGMENT OF CONVICTION BY CRT

# Appendix D

In the
Court of Appeals
for the
Fourth District of Texas

◆

**No. 2013CR10841W**
**No. 2013CR10842W**
In the 437th District Court
Bexar County, Texas

◆

**MATTHEW DOUGLAS HAYES**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

◆

MOTION TO SUPPLEMENT THE
BEXAR COUNTY DISTRICT CLERK'S RECORD

◆

TO THE HONORABLE COURT OF APPEALS:

APPELLANT, pursuant to **TEXAS RULES OF APPELLATE PROCEDURE 34.5**

**(C) AND (D)**, moves for an order to the 437th District Court and the Bexar County

District Clerk to supplement the official clerk's record in cause number

2013CR10842W with the signed presentment page of appellant's motion for new trial.

In the alternative, appellant requests that the appellate court abate his appeal and

order that a hearing be held in order to determine whether the allegations raised in the motion for new trial were properly preserved. In support of its motion, appellant the attached sworn affidavit of appellant's counsel.

WHEREFORE, appellant prays that this Court will grant the requested motion and ORDER the 437th District Court and the Bexar County District Clerk to supplement the official clerk's record with the signed presentment page of appellant's motion for new trial. In the alternative, appellant requests that this Court abate the appeal, remand the cause, and ORDER the 437th District Court to certify that appellant's motion for new trial was properly presented to the court within the time required by the Texas Rules of Appellate Procedure.

Respectfully submitted,

/s/ MANDY MILLER
Attorney for appellant
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
PHONE (832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered via email to the following address:

> Bexar County District Attorney's Office
> ATTN: Rico Valdez

> /s/MANDY MILLER
> Attorney for appellant
> 2910 Commercial Center Blvd., Ste. 103-201
> Katy, TX 77494
> SBN 24055561
> PHONE (832) 900-9884
> FAX (877) 904-6846
> mandy@mandymillerlegal.com

In the
Court of Appeals
for the
Fourth District of Texas

———————◆———————

No. 2013CR10841W
No. 2013CR10842W
In the 437th District Court
Bexar County, Texas

———————◆———————

## MATTHEW DOUGLAS HAYES
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

———————◆———————

ORDER

———————◆———————

After considering the clerk's record, and appellant's motion and the attached affidavit, the Court of Appeals hereby ORDERS:

The 437th District Court provide the Bexar County District Clerk with the signed version of appellant's motion for new trial.

The Bexar County District Clerk supplement the official clerk's record with the signed version of appellant's motion for new trial.

IT IS SO ORDERED on the _____ day of _____, 2015.

_____
Presiding Justice

4

No. 04-14-00878-CR
No. 04-14-00879-CR

In the
Court of Appeals
for the
Fourth District of Texas

———————◆———————

No. 2013CR10841W
No. 2013CR10842W
In the 437th District Court
Bexar County, Texas

———————◆———————

MATTHEW DOUGLAS HAYES
*Appellant*
V.
THE STATE OF TEXAS
*Appellee*

———————◆———————

ORDER

———————◆———————

After considering the clerk's record, and appellant's motion and the attached affidavit, the Court of Appeals hereby ORDERS:

The 437th District Court to certify that appellant's motion for new trial was properly presented to the court within the time required by the Texas Rules of Appellate Procedure.

IT IS SO ORDERED on the _____ day of _____, 2015.

_____
Presiding Justice

5

No. 04-14-00878-CR
No. 04-14-00879-CR

In the
Court of Appeals
for the
Fourth District of Texas
at Houston

No. 2013CR10841W
No. 2013CR10842W

In the 437th District Court
Bexar County, Texas

# MATTHEW DOUGLAS HAYES

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

## AFFIDAVIT

On this date, Mandy Miller, appeared in person before me, the undersigned authority, and, who after being duly sworn on the party's oath, deposes and says:

My name is Mandy Miller. I am over 18 years of age, and I have given this statement of my own free will and the facts stated in this sworn affidavit are within my personal knowledge and are true and correct to the best of my knowledge.

I have been a licensed attorney in the State of Texas since 2006. I am currently in good standing with the State Bar of Texas.

In September 2014, I was retained to represent Matthew Hayes in cause numbers 2013CR10841W and 2013CR10842W.

Prior to my representation, Mr. Hayes pled guilty to two counts of aggravated robbery. Mr. Hayes submitted to a pre-sentence investigation. On September 9, 2014, Mr. Hayes was sentenced to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice.

On October 7, 2014 I filed Motions for New Trial in the trial court. In addition to the two original motions, I provided the court a courtesy copy of the motion.

On the same day the motions were filed, I approached the judge in order to present the motions and request a hearing. The judge indicated that she was signing the page provided in the motions that would evidence the motions had been presented in accordance with Texas Rule of Appellate Procedure 21.6. At the same time, I observed the judge signing a document on the bench.

Over the next several weeks, I communicated with the trial court staff regarding whether the court would be granting a hearing on the motions. (Appendix A). Two days before the 75 days for ruling on the motions was to run, I received an email from the court staff asking if I would be available the next day at 2:00 pm for a hearing. (Appendix B). I was later informed by phone that a hearing would not be held that day.

The motions for new trial were subsequently overruled by operation of law.

Appellant has filed notice of appeal in both cases.

The motions for new trial filed in the clerk's records do not contain the presentment page that I was told was signed by the judge on October 7, 2014.

I believe that the court may have signed the courtesy copy instead of the original motions for new trial.

I have attempted to contact the court in order to supplement the record, but have not heard back at this time.

MANDY MILLER

Sworn and subscribed to me on this ___20th___ day of March, 2015.

NOTARY PUBLIC

RAHIM MAKNOJIA
Notary Public, State of Texas
My Commission Expires
March 10, 2019

# Appendix A

| | |
|---|---|
| **From:** | Contreras, Natalia <ncontreras@bexar.org> |
| **Sent:** | Thursday, October 23, 2014 2:01 PM |
| **To:** | Mandy Miller |
| **Subject:** | RE: Matthew Hayes |

I did, thank you. It's still on her desk to be reviewed.

---

**From:** Mandy Miller [mailto:mandy@mandymillerlegal.com]
**Sent:** Monday, October 20, 2014 9:59 AM
**To:** Contreras, Natalia
**Subject:** Matthew Hayes

Natalia,
Good morning!  I hope you had a great weekend!
A couple of weeks ago, I filed motions for new trial in the Matthew Hayes cases (No. 2013CR10841W, No. 2013CR10842W).  You may recall me because I asked  a ton of questions ;)
I requested that the judge grant a hearing on the motions.  Do you know whether the judge has decided to do so at this time?
Thank you so much!

Mandy Miller
Mandy Miller Legal, PLLC
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
mandy@mandymillerlegal.com
Phone: (832) 900-9884
Fax: (877) 904-6846

1

# Appendix B

| | |
|---|---|
| **From:** | Contreras, Natalia <ncontreras@bexar.org> |
| **Sent:** | Thursday, November 20, 2014 9:53 AM |
| **To:** | Mandy Miller |
| **Subject:** | RE: Matthew Hayes (No. 2013CR10841W, No. 2013CR10842W) |

I know this is last minute we need to have hearing tom @ 2pm? Can you be here? Call me on my cell 210-264-6289, if there is a conflict.

**From:** Mandy Miller [mailto:mandy@mandymillerlegal.com]
**Sent:** Friday, November 14, 2014 5:43 AM
**To:** Contreras, Natalia
**Subject:** Matthew Hayes (No. 2013CR10841W, No. 2013CR10842W)

Natalia,
Good morning! I hope it isn't quite as cold for you as it is here in Houston.
I wanted to see if there had been any rulings on the Matthew Hayes' motions for new trial. Just wanted to check in because we are getting closer to the 75 days and if the judge wanted to conduct a hearing, I can make the arrangements to be down there.
Thank you so much! Have a great weekend!

Mandy Miller
Mandy Miller Legal, PLLC
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
mandy@mandymillerlegal.com
Phone: (832) 900-9884
Fax: (877) 904-6846

# Appendix E

My name is Matthew Douglas Hayes. I am over 18 years of age, and I am giving this statement of my own free will and the facts stated in this are within my personal knowledge and are true and correct to the best of my knowledge.

I was born on February 8, 1990.

I was raised near Atlanta, Georgia.

Immediately after high school, I enlisted in the United States Air Force.

After basic training, I was stationed at Lackland Air Force base in San Antonio, Texas.

I received training in security forces. From 2009 to 2011, 2013 mdh I performed law enforcement duties on base.

In 2011 I deployed to Iraq to provide security to a United States military base. Prior to this, I had never traveled outside of the country.

During my time in Iraq, the United States was attempting to lessen its presence in the country. My duties included providing security and training Iraqi Security Forces.

The base where I was stationed was located in a very dangerous and volatile region. The base received mortar attacks approximately three time per week.

While in Iraq, myself and others were on a constant state of alert. I was expected to execute my duties at any moment.

I witnessed people dying as a result of insurgent attacks. I got used to the constant attacks on the base.

I returned to San Antonio after approximately six months in Iraq.

Returning back to the United States was not what I expected. Initially, I found it difficult to relax and turn off my mind.

Shortly after returning home, I began to experience depression. I attempted to ignore these dark feelings, hoping they would go away. The depression increased over time and then I began experiencing anxiety and anger. I did not feel like the same person I was before my deployment.

I did not seek medical treatment for my depression and anxiety.

There is a stigma in the military of weakness if one complains of service-related difficulties.

100

I experienced a particularly bad panic attack and sought treatment at the hospital on base. I did not receive medication and I did not follow-up with treatment.

On March 23, 2013, I was honorably discharged from the Air Force.

During my service I received the Good Conduct Medal, the Global War on Terrorism Expeditionary Medal, the Longevity Service Award, and the Air Force Training Ribbon.

During this time, my anxiety worsened. I found it difficult to go out in public and be around people. In groups of people, I would experience sweating, tunnel vision, locked joints, and shaking. I was unable to hold down a steady job.

I became angry at myself for this because of the way I was feeling. This increased my depression.

I began using alcohol and marijuana to alleviate my feelings of anxiety and depression.

In October 2013, I foolishly participated in a home invasion and robbery. Neither I, nor my co-defendants, had a weapon when we committed the offense. Additionally, no one threatened the complainants with a weapon during the offense.

Prior to the offense, I was drinking and smoking marijuana with my co-defendants.

I, and my co-defendants, were apprehended shortly after the offense. I cooperated fully with law enforcement, admitted my role in the offense, and agreed to testify against my co-defendants.

I was charged with four instances of aggravated robbery. I was represented my L. Michael Cohen.

I wanted to take responsibility for my actions, but I consistently informed my attorney that no one had a weapon when we committed the offense.

My attorney relayed a plea offer from the State. I understood the offer to be that I would plea to two of the aggravated robberies, and two would be dismissed. I would submit to a pre-sentence investigation (PSI) and the Court would assess punishment. In return, my punishment would be capped at ten years and I would be eligible for community supervision. I also agreed to testify against my co-defendants.

In December 2013, I pled guilty to two charges of aggravated robbery and submitted to the PSI interview.

I pled guilty to the aggravated robberies because my attorney informed me that it was my best chance at receiving community supervision.

99

In January 2014, the Court held a hearing where several people testified on my behalf. The Court delayed sentencing until September 9, 2014.

The Court allowed me to be released on bond and return to Atlanta with strict conditions.

I abided by the Court's bond conditions, including living with my parents, wearing an ankle monitor and receiving medical treatment.

Upon my return to Atlanta, I promptly began receiving medical treatment. I was diagnosed with post-traumatic stress disorder and major depressive disorder.

On August 1, 2014, I was accepted into the Trauma Recovery Program at the VA Hospital in Atlanta, Georgia. I was scheduled to begin treatment through them on September 26, 2014.

With the medical treatment through the VA and the proper medications, I began to feel like the person I was before my deployment. My anxiety and depression lessened, and I began to understand why I was having those feelings. For the first time in years, I felt hopeful.

On September 9, 2014, I was sentenced to seven years confinement.

I, Matthew Douglas Hayes (SID 1019055, DOB 2/8/1990), being presently incarcerated in the Bexar County Jail, in Bexar County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___7Th___ day of, October, 2014.

MATTHEW DOUGLAS HAYES, DECLARANT

# Appendix F



# BEXAR COUNTY
## TREATMENT ALTERNATIVES TO INCARCERATION PROGRAM
### (TAIP UNIT)
### SUBSTANCE ABUSE EVALUATION REPORT

**NAME:** HAYES, MATTHEW DOUGLAS
**SEX:** M

**DPS/SID:** 50379881/1019055

**DOB:** 02/08/1990

**AGE:** 23

**OFFENSE DATE:** 10/18/13

**ETHNICITY:** AFRICAN-AMERICAN
**COURT:** 437TH DISTRICT COURT

**CAUSE:** 2013CR10841W / 2013CR10842W

**MEETS CJAD\SAE CRITERIA FOR:** SUBSTANCE DEPENDENCE ALCOHOL AND CANNABIS

**TREATMENT RECOMMENDATIONS:** DUAL DIAGNOSED INTENSIVE OUTPATIENT TREATMENT WITH THE VA, FREQUENT RANDOM URINALYSIS AND DOCUMENTED ATTENDANCE OF AA/NA MEETINGS TWICE A WEEK FOR THE DURATION OF SUPERVISION. SHOULD THE CLIENT TEST POSITIVE CSO IS TO NOTIFY TAIP COORDINATOR BY EMAIL FOR REVISION CONSIDERATION.

**COMMENTS:** THE DEFENDANT REPORTED CONSUMING A 40 OZ MICKEY, ON THE DATE OF THE INSTANT OFFENSE. HE DENIES CONSUMING ALCOHOL OR USING DRUGS AFTER THE INSTANT OFFENSE. THE DEFENDANT REPORTED EXPERIENCING FAMILY, FINANCIAL AND EMPLOYMENT REPERCUSSIONS AS A RESULT OF HIS RECURRENT LEGAL PROBLEMS.

_**TAIP RECOMMENDATIONS ARE FOR TREATMENT PURPOSES ONLY AND DO NOT IMPLY PROBATION SHOULD BE GRANTED OR CONTINUED.**_
TAIP\CSCD FUNDED: NO HAS VA BENEFITS. SHOULD THE VA NOT FUND TREATMENT MODALITY AS MANDATED BY THE COURT, CSO IS TO FORWARD TO TAIP A MEDICAL INDIGENCE STATUS CHANGE REQUEST FOR FUNDING CONSIDERATION, LV-1 OTHERWISE.

**SCREENED BY SASSI-3:** N/A

**BYPASS CRITERIA:** BY PASSED DUE TO DEFENDANT ADMITTING TO SUBSTANCE DEPENDENCE.

## SUBSTANCE ABUSE HISTORY

| DRUG(S) USED | ONSET AGE | MO/YR LAST USED | HOW TAKEN/USUAL FREQ |
|---|---|---|---|
| ALCOHOL | 20 | 10/18/2013 | ORAL/ 4-5 BEERS/ DAILY |
| MARIJUANA | 19 | 10/2013 | SMOKED/ 1 GRAM/ THREE TIMES A WEEK |

**REASON FOR REFERRAL:** PRE SENTENCE INVESTIGATION. CHARGED WITH AGGRAVATED ROBBERY (2X).

**PRIOR SUBSTANCE RELATED ARRESTS INCLUDE:** NONE REPORTED.

**URINALYSIS:** NONE REPORTED.

**PRIOR TREATMENT:** NONE REPORTED.

**MOTIVATION:** CONSIDERABLY, MOTIVATED FOR TREATMENT.

**HEALTH/PSYCHOLOGICAL:** THE DEFENDANT REPORTED SUFFERING FROM A DISLOCATED SHOULDER. THE DEFENDANT STATED THAT WHILE HE WAS IN THE MILITARY HE WAS ADMITTED INTO WILFORD HALL AND A PSYCHIATRIST REPORTED THAT HE COULD BE SUFFERING FROM PTSD, DEPRESSION AND ANXIETY BUT WASN'T DIAGNOSED. THE DEFENDANT REPORTED THAT HE WAS REFERRED TO THE VA BUT NEVER FOLLOWED UP. THE DEFENDANT ALSO STATED THAT HE WAS NEVER PRESCRIBED MEDICATIONS DUE TO BEING DISCHARGED TWO WEEKS AFTER HE WAS TOLD TO GO TO THE VA. THE DEFENDANT REPORTED THAT HE IS CURRENTLY USING MEDICATIONS FOR PTSD WHILE HES BEEN INCARCERATED.

**EDUCATION:** GRADUATED FROM HIGH SCHOOL IN 2008.

**EMPLOYMENT:** UNEMPLOYED FOR THE PAST SEVEN MONTHS. THE DEFENDANT REPORTED THAT HE WAS HONORABLY DISCHARGED FROM THE MILITARY ON 5/2013. THE DEFENDANT DENIES ANY INCOME AT THE MOMENT.

**ENVIRONMENT\SUPPORT SYSTEM:** NEVER MARRIED, IS CURRENTLY INCARCERATED SINCE 10/18/2013 THE DATE OF THE INSTANT OFFENSE. THE DEFENDANT REPORTED THAT HIS FAMILY IS SUPPORTIVE OF HIS WELL BEING.

RECOMMENDATIONS ARE BASED ON INFORMATION PROVIDED BY THE PSI\SUPERVISION OFFICER AND RESULTS OF THE EVALUATION COMPLETED BY THE TAIP ASSESSOR ON THIS DATE: 12/23/2013.

**TREATMENT PROVIDER APPOINTMENT DATE\TIME:** _____

**PSI OFFICER\TAIP ASSESSOR:** MEDINA, GLORIA       **PHONE:** 210-335-0053

*This Information has been disclosed to you from records protected by Federal confidentially rules (42 CFR Part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by (42 CFR Part 2). A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## COMMUNITY JUSTICE ASSISTANCE DIVISION
### PRE/POST SENTENCE INVESTIGATION REPORT

DISP: _ CS: _ CS REV: __ Y _X_ N  PEN:

SAFPF: _    JAIL:

Date PSI
Completed:  12/23/13

Sentence
Begin Date:

STATE JAIL ONLY
SJF: _ (SJ UP FRONT)
Cumulative with ID sentence?
Concurrent with ID sentence?
Special Medical Needs:

**I. COURT/LEGAL INFORMATION:** Report information regarding the court of original jurisdiction and identification of attorneys assigned to the case.

County: Bexar                   Sentencing Judge: Valenzuela, Lori I.        Court #: 437TH
Prosecutor: Miguel Najera                   Defense Counsel: Michael Cohen

## Source Of Information: APPLICATION
**II. DEFENDANT INFORMATION:** Provide demographic and/or other identifying information on the defendant.

Cause #     2013CR10841W          TRN #   9111573406              TRS #    A001
            2013CR10842W                  9111573406                       A002

Name: Hayes, Matthew Douglas                    AKA: No Aka's Listed

Current address:   210 Briar Patch Ct.          Permanent address:    210 Briar Patch Ct.
                   Stockbridge, GA 30281                               Stockbridge, GA 30281
Phone:     770-474-5712                          Phone:        770-474-5712

Age: 23                 Gender: Male             Marital status: Single

DOB: 02/08/90           Ethnicity: African-American     No. of dependents: 1

Place of Birth: Arlington, Virginia             Citizenship: United States Of America

Alien#:                 Alien Status:            INS notified:

SSN: 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        Driver's license:        DPS/SID #: 50379881/1019055

FBI #: 816584WD3        TDCJ-ID #:               Other:

## Source of Information: DEFENDANT/CJIS/NCIC&TCIC
**III. CURRENT OFFENSE:** Provide information relative to the circumstances of the primary offense.  A copy of the offense report may be attached.  If the report is not attached, briefly describe the offense.

Offense: Aggravated Robbery (2x)            Offense Date: 10/18/13          Arrest Date: 10/19/13
Circumstance: See Attached Offense Report
Weapon used: Yes  No                    If yes, type:

*Guilt acknowledged:            *Guilt Minimized: X            *Declined to Discuss:

                                                                           *Optional Fields
## Source of information: CJIS
**IV. CUSTODIAL INFORMATION:** Report whether the defendant is currently under correctional supervision.

Status:    Jail          Release Type: Other            County/State:  Bexar
Detainers/Pending Charges:   None Reported

## Source of information: CJIS

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## V. CRIMINAL HISTORY: Report both juvenile and adult criminal histories on the defendant. If available, attach either a DPS, FBI rap sheet or NCIC-TCIC report, and answer the following questions:

A. JUVENILE: Criminal Record __ Yes _X_ No __ Unavailable
    If yes, number of probations     Number of adjudications     Number of arrests

No Record Found.

*Source of Information: JUVENILE AUTHORITIES*


B. ADULT: Criminal Record _X_ Yes __ No __ Unavailable

MISDEMEANOR:
No Record Found.


FELONY:
*10/18/2013   AGG ROBBERY-INDIVIDUAL RESID*             *INSTANT OFFENSE*

*10/18/2013   AGG ROBBERY*                            *INSTANT OFFENSE*

FEDERAL:
No Record Found.


OTHER CASES OUTSIDE THE STATE OF TEXAS AND OR BEXAR COUNTY:
No Record Found.


Indicate the number of incidences regarding the defendant in the appropriate box(es):

| | Arrests | Pretrial Intervention | Conviction(s) | Community Supervision(s) | Intermediate Sanction(s) | Community Supervision Revocation(s) | Parole/MS | Parole/MS Revocation(s) |
|---|---|---|---|---|---|---|---|---|
| Felony | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Misdemeanor | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

Previous incarceration(s):

Jail:         __ Yes _X_ No       #      Charge(s):
Prison:      __ Yes _X_ No       #      Charge(s):
State Jail:    __ Yes _X_ No       #      Charge(s):
SAFPF:      __ Yes _X_ No       #      Charge(s):

*Source of information: CJIS/NCIC&TCIC*

2

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## C. STATUS AT TIME OF OFFENSE:

X   Previous criminal history          County/State:   Bexar County
     No previous criminal history       County/State:
     Bond supervision                   County/State:
     Community supervision              County/State:
     Parole/mandatory supervision       County/State:

Age at 1st conviction:          N/A

Current gang affiliation:       __ Yes X No          If yes, name:
Past gang affiliation:          __ Yes X No          If yes, name:
Suspected gang affiliation:     __ Yes X No          If yes, name:
Reasons:

**_Source of information: CJIS/NCIC&TCIC_**

**VI. VICTIM INFORMATION:** If an offense is attached, please respond to the questions pertaining to restitution only. If no offense report is attached. please answer all questions in this section. If there were no direct victims or property loss associated with the offense then skip the remaining questions in this section.

Victim(s) associated with offense:  X Yes __ No    If yes, #: 4

Relationship to victim: Strangers

Victim(s) age at time of offense: 21; 24; 22; 20

Type of injury suffered/property loss: Bodily Injury, No Treatment

Restitution Amount: $800.00               Was Victim Impact Statement Prepared? Yes

**_Source of information: STIPULATIONS_**

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VICTIM IMPACT STATEMENT:

1.  Name of Victim.......................
    or
    Legal Guardian .......................
2.  Address and Telephone Number of
    Victim or Legal Guardian.............

3.  Monetary Loss of Victim
    resulting from offense.....................

1.  **Nathan Lawson (21 years old)**

1a.

2.  Address:   See attached
    Phone:     See attached

3.  **$1,000.00 to be determined by the court.**

4.  Physical or Psychological damage suffered by victim as a result of defendant's actions or any Psychological service as requested or required as result of the offense:

    **According to the victim the defendant along with the two other co-defendants entered his home and physically assaulted him and two of his friends while also threatening to end all of their lives if either one made a sound for help. The defendant's caused bruising to the victim's forehead and right eye.**

4b. Physician's or Counselor's Diagnosis: 1. Verbal ☐   2. Attachment ☐

    **None reported.**

5.  Costs incurred by victim for Psychological, Psychiatric, or Physical services premised on defendant's actions: (to include receipts or attachments)

    **Mr. Lawson, reported that he wasn't allowed to renew his apartment lease because the apartment complex manager feared retaliation and he had to move into a new apartment. Moving in the new apartment cost him $200.00 for deposit, plus $423.20 pro-rated rent(for which he provided proof) Mr. Lawson also reported that he had to pay $430.00 in damages to his old apartment but has failed to provide proof as of this date. Total restitution that the victim is asking for is $1,000.00.**

6.  Statement of any change in the victim's, guardian's, or relative's personal welfare or familial relationship as a result of the offense:

    **Please see Victim Impact Statement attached.**

7.  Statement as to whether or not the victim, guardian, or relative wishes to be notified in the future of any parole hearing for the defendant and an explanation as to the procedures of which the victim, guardian, or relative may obtain information concerning the release of the defendant from the Texas Department of Corrections:

    **Yes, although Mr. Lawson as well as another victim reported that they will be present on the date of court.**

8.  Any other information, other than facts related to the commission of the offense related to the impact of the offense on the victim, guardian, or relative:

    **The victim reported that a few of his electronics were also broken on the date of the offense. He also reported that he is not okay with the defendant being allowed to apply for probation.**

4

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VICTIM IMPACT STATEMENT:

1.  Name of Victim   .........................   1.      **Nicholas Raden    (24 years old)**
    or
    Legal Guardian   .........................   1a.
2.  Address and Telephone Number of
    Victim or Legal Guardian..............   2.      Address:   See attached
                                                      Phone:     See attached
3.  Monetary Loss of Victim
    resulting from offense......................... .   3.   $   **0.00**

4.  Physical or Psychological damage suffered by victim as a result of defendant's actions or
    any Psychological service as requested or required as result of the offense:

    **According to the victim the defendants caused bruising on his forehead and face during a
    physical altercation after the defendant forced themselves into his friends apartment.**

4b. Physician's or Counselor's Diagnosis: 1. Verbal 0  2. Attachment  0

    **None reported.**

5.  Costs incurred by victim for Psychological, Psychiatric, or Physical services premised
    on defendant's actions: (to include receipts or attachments)

    **None reported.**

6.  Statement of any change in the victim's, guardian's, or relative's personal welfare or
    familial relationship as a result of the offense:

    **None reported.**

7.  Statement as to whether or not the victim, guardian, or relative wishes to be notified in
    the future of any parole hearing for the defendant and an explanation as to the procedures of
    which the victim, guardian, or relative may obtain information concerning the release of the
    defendant from the Texas Department of Corrections:

    **Yes**

8.  Any other information, other than facts related to the commission of the offense
    related to the impact of the offense on the victim, guardian, or relative:

    **According to the victim he is upset that the defendant is being given the opportunity of
    applying for probation.**

5

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VICTIM IMPACT STATEMENT:

1. Name of Victim   ......................
   or
   Legal Guardian   ......................
2. Address and Telephone Number of
   Victim or Legal Guardian.............

3. Monetary Loss of Victim
   resulting from offense.....................

1.   **Roxanne Cunningham  (22 years old)**

1a.

2.   Address:  See attached
     Phone:  See attached

3.   **$ 0.00**

4. Physical or Psychological damage suffered by victim as a result of defendant's actions or
   any Psychological service as requested or required as result of the offense:

   **According to the victim the defendants caused a cut on the lip altercation after the defendant's
   forced themselves into her friends apartment.**

4b. Physician's or Counselor's Diagnosis: 1. Verbal 0  2. Attachment  0

   **None reported.**

5. Costs incurred by victim for Psychological, Psychiatric, or Physical services premised
   on defendant's actions: (to include receipts or attachments)

   **None reported.**

6. Statement of any change in the victim's, guardian's, or relative's personal welfare or
   familial relationship as a result of the offense:

   **The victim reported that she has nothing to say.**

7. Statement as to whether or not the victim, guardian, or relative wishes to be notified in
   the future of any parole hearing for the defendant and an explanation as to the procedures of
   which the victim, guardian, or relative may obtain information concerning the release of the
   defendant from the Texas Department of Corrections:

   **Yes.**

8. Any other information, other than facts related to the commission of the offense
   related to the impact of the offense on the victim, guardian, or relative:

   **According to the victim she doesn't want anything to do with this case. She doesn't want the
   defendants to know who she is and where she's at. She also reported that she is not okay with the
   defendant to applying for probation.**

Name: Hayes. Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VICTIM IMPACT STATEMENT:

1. Name of Victim   .......................     1.    **Sabriya Goldstone (20 years old)**
   or
   Legal Guardian   .......................     1a.
2. Address and Telephone Number of
   Victim or Legal Guardian.............     2.     Address: See attached
                                                Phone: See attached
3. Monetary Loss of Victim
   resulting from offense.......................     3. **$0.00**
4. Physical or Psychological damage suffered by victim as a result of defendant's actions or any Psychological service as requested or required as result of the offense:

**According to the victim the defendant's didn't harm her in any way because she was able to lock herself in the restroom while the assault was taking place.**

4b. Physician's or Counselor's Diagnosis: 1. Verbal 0   2. Attachment 0

**None reported.**

5. Costs incurred by victim for Psychological, Psychiatric, or Physical services premised on defendant's actions: (to include receipts or attachments)

**None reported.**

6. Statement of any change in the victim's, guardian's, or relative's personal welfare or familial relationship as a result of the offense:

**Please see Victim Impact Statement from Mr. Lawson, since the victim is married to him.**

7. Statement as to whether or not the victim, guardian, or relative wishes to be notified in the future of any parole hearing for the defendant and an explanation as to the procedures of which the victim, guardian, or relative may obtain information concerning the release of the defendant from the Texas Department of Corrections:

**Yes, although she reported that she would be accompanying Mr. Lawson in court.**

8. Any other information, other than facts related to the commission of the offense related to the impact of the offense on the victim, guardian, or relative:

**The victim reported that she is not okay with the defendant being able to apply for probation.**

7

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VII. SOCIAL HISTORY: Provide information regarding the defendant's status.

### A. HEALTH STATUS:

| | | |
|---|---|---|
| Has a psychological evaluation of the defendant been prepared? | __ Yes _X_ No | If yes, attach |
| Has the defendant ever been treated at a psychiatric hospital? | __ Yes _X_ No | If yes, location: |
| Has the defendant ever been treated at an MHMR facility? | __ Yes _X_ No | If yes, location: |
| Does defendant presently have a physical or medical or mental impairment? | _X_ Yes __ No | |

If yes, please list: Ptsd; Depression; Anxiety; Dislocated Shoulder

Is the defendant currently taking any medications, including psychotropic?     _X_ Yes __ No

If yes, please list: Unknown

Has the defendant ever attempted suicide?     __ Yes _X_ No          If yes, date of last attempt:

### B. EDUCATIONAL STATUS:

Highest grade completed:     12

| | | | |
|---|---|---|---|
| High school diploma: | _X_ Yes __ No | Special classes: | __ Yes _X_ No |
| GED: | __ Yes _X_ No | Some college: | __ Yes _X_ No |
| Vocational training: | __ Yes _X_ No | College graduate: | __ Yes _X_ No |
| Type: Yes | | Job skills: | None |

Provide information regarding any educational/psychological test(s) administered and the results:

Test:   N/A                                      Results:

Principal Language: English
Secondary Language:

Does the defendant appear to be literate? _X_ Yes __ No
Does the defendant appear to be literate? __ Yes __ No

*Source of information: DEFENDANT*

### C. EMPLOYMENT STATUS:     __ Employed     _X_ Unemployed

If unemployed, length: 7 Months          Amount of income $0.00
                                         Source of income None

Current Employer:
    Name:                                                Job Type:
    Address:                                             Status:
                                                         Date of Employment:
    Phone:                                               Amount of Income:
Reason for leaving:

Is the defendant paying child support? __ Yes _X_ No

*Source of information: DEFENDANT*

8

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## VIII. MILITARY SERVICE: Provide information regarding the defendant's military service history, if applicable.

Branch: Air Force

Current Service Status: Discharged

Discharge Date: 05/23/13

Discharge Type: Honorable

DD 214 Form (Dept. of Defense Military Discharge) attached:

Military 201 Records Form attached:

Eligible for receiving Veteran's Administration Benefits:

Does defendant hold a combat service ribbon?

Combat Zone:                          Other:

Service in support of combat mission ribbon:

Mental health diagnosis of post-traumatic stress disorder:

Other mental health condition (service-connected):

Combat-related traumatic brain injury:

Other combat injury:

Other service-connected injury/disability:

## IX. SUBSTANCE ABUSE:  Provide information regarding the defendant's reported use of drugs. Indicate the type and frequency of drug(s) used by placing an "X" in the appropriate space.

| | | Daily | Weekly | Monthly | Occasionally | Age First Used | Date Last Used | Denied Use |
|---|---|---|---|---|---|---|---|---|
| 01 | Alcohol/Beer | X | | | | 20 | 10/18/2013 | |
| | (How many drinks – shots or beers – do you have in one sitting __ 1-4 drinks X 5-8 __ 9 or more) | | | | | | | |
| 02 | Cocaine | | | | | | | |
| 03 | Crack | | | | | | | X |
| 04 | Heroin | | | | | | | X |
| 05 | Marijuana | X | | | | | | X |
| 06 | Amphet/Meth | | | | | 19 | 10/2013 | |
| 07 | LSD | | | | | | | |
| 08 | PCP | | | | | | | X |
| 09 | Inhalants | | | | | | | X |
| 10 | Other Drugs: | | | | | | | X |
| | | | | | | | | |
| | | | | | | | | X |

Substance Abuse Screening Instrument administered: __ Yes X No

If yes, tool and score:

Were any of the drugs noted above taken intravenously?: __ Yes X No

Indicate the type and number of incidents of drug counseling or treatment received:

| None | DWI education | None | AA/NA, etc. |
| None | Individual counseling | None | Drug education classes |
| None | Out-patient group counseling | None | Residential treatment |

Was the defendant under the influence of drugs or alcohol at the time the offense was committed?: X Yes __ No

Did the defendant commit the offense in order to obtain funds for the purchase of drugs or alcohol?: __ Yes X No

*Source of information: DEFENDANT*

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## X. Official Version

### 2013CR10841W/2013CR10842W

According to the Official Offense report, on October 18, 2013, Detective Camplen, responded to the location for a robbery. Upon arrival he contacted Officer Badder who advised that the complainant Nathan Lawson was at his residence with complainants Nicholas Raden, Roxanne Cunningham and Sabriya Goldstone. Mr. Lawson was expecting more guests at his apartment and opened his front door when he heard someone knocking. When Mr. Lawson opened the door three masked suspects burst into the apartment and began fighting with him and Mr. Raden. During the fight Ms. Goldstone locked herself in the bathroom. Ms. Cunningham is hit in the face by one of the suspects and falls to the floor. Mr. Lawson and Mr. Raden quit fighting the suspects after they tell them they are going to kill them and Mr. Lawson sees what he thinks is a gun under one of the suspects sweatshirts. The suspects ransack the apartment and take a TV, Xbox, Computer and several pairs of athletic shoes. The suspects then flee the location. After the suspects leave Mr. Lawson grabs his handgun and exits his apartment through a rear door. Mr. Lawson sees Witness Jose Acevedo who works as a uniformed security guard and they both chase the suspects who are seen attempting to enter a White Cadillac parked at the location. When the suspects see Mr. Lawson and Acevedo approaching they abandon the vehicle and run from the location. Mr. Lawson then looks in the Cadillac and sees his property inside. When Officers arrive at the scene a description of the suspects is broadcast over the police radio. Detective Camplen observed the White Cadillac that was being secured by officers. Inside the Cadillac was a large amount of property including a TV, computer and several duffle bags. The complainants were interviewed and then transported to the NCID Office for statements. While interviewing Mr. Lawson and Raden both advised that they recognized one of the suspects by their voice. Mr. Lawson and Raden stated they believed Suspect Hayes had been one of the males in the apartment. Hayes had been a military police officer and worked with Lawson and Raden. Officers were then sent to the address of the registered owner of the Cadillac. The owner who was named Tamika Robinson advised that she had recently sold the vehicle to Hayes. Detective Barnes was contacted to assist in obtaining a search warrant for the vehicle. While waiting for the search warrant Detective Camplen was advised that three suspects matching the description of those involved in the robbery had been located and detained. Matthew Hayes, Jerrod Lanier and Rakeem Boyd had been running and were perspiring heavily. A search warrant had been obtained for the Cadillac. During the search all identifying information for the suspects was photographed and collected as evidence by CSI. All property belonging to Lawson was recovered from the vehicle and processed by CSI before being released back to him. The suspects arrived and were interviewed. Lanier and Boyd both denied any involvement in the robbery and requested their attorney. Hayes admitted to the involvement in the robbery and requested their attorney. Hayes admitted to the planning and committing the robbery with Lanier and Boyd. Hayes advised that he and Lanier had picked up Boyd at the Greyhound bus Station earlier in the day. Hayes advised that he needed money and chose to go to Lawson's apartment because he knew that he had items they could sell to get cash. Boyd was identified by Lawson and Raden in a one on one viewing as one of the suspects they had fought in the apartment. Hayes, Lanier and Boyd were transported to the magistrates and booked for aggravated robbery as they cause bodily injury to the complainants who believed they had a gun and placed them in fear of their life.

## XI. NARRATIVE

The defendant is a 23 year old, single African American male, who was born in Arlington, Virginia, to Mr. and Mrs. Hayes. He reported having two siblings with whom he has a good relationship. The defendant reported being unemployed for the past seven months due to being Honorably Discharged from the Air Force. The defendant denies any income coming in which was a reason why he agreed to commit the offense. The San Diego Quick Reading Assessment was not administered due to the defendant reporting that he graduated from high school.

10

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

During the interview the defendant reported having Substance Dependence problems with drugs and alcohol therefore a TAIP evaluation was completed. The defendant reported being nineteen years old when he first used cannabis. The defendant reported consuming alcohol and using marijuana in his life. The defendant denies consuming alcohol and using marijuana after the instant offense. Per the TAIP evaluation it shows that the defendant has a Substance Dependence problem with Alcohol and Cannabis. It is recommended that the defendant complete: Dual Diagnosed Intensive Outpatient Treatment with BCCSCD, Frequent Random Urinalysis and attend AA/NA meetings twice a week.

The defendant reported being told by a psychiatrist at the Wilford Hall that he might have PTSD, Depression and Anxiety. He reported that he was referred to the VA but failed to follow up. The defendant reported that he was not prescribed any medications due to being discharged two weeks after he was referred to the VA. The defendant reported that he is currently taking medication for his PTSD since he has been incarcerated.

The defendant has no prior arrests outside of Bexar County. The defendant has no prior record. The current instant offenses are AGGRAVATED ROBBERY (2X). Co-defendant- Jerrod Lanier is currently awaiting trial for the instant offense. Co-defendant Rakeem Boyd is also awaiting trial for the instant offense.

When asked why he felt he should be granted probation, the defendant stated, "Because, I feel real stupid for what I did. I promise I won't do it again. My father is ill and I want to get back to him. Since I've been here I felt that I should've been here in order to get help. As soon as I'm released I will get the help that I need at the VA."

## 2013CR10841W/2013CR10842W
Regarding the instant offense, the defendant stated, "It was night time I was with some guy and we went to go pick up his cous'n. We were drinking and talking about making some money. We talked about committing a robbery. We went to the apartment and knocked, just to make sure no one was there. But there were four people inside. We went in there and took a guy down. Everyone was going back and forth grabbing stuff. By the time we went out the security guard was there and we all ran. A police officer came up to me and told me that I matched the description of a guy that they were looking for. Nothing was found on my person, but everything was found in my vehicle. The two other guys that were with me were also caught."

***A risk and needs assessment was administered and scores indicate that the defendant should be supervised as a Maximum (L2) risk level.

Should the defendant be granted probation, the following conditions are recommended: Dual Diagnosed Intensive Outpatient Treatment with BCCSCD, Frequent Random Urinalysis, attend AA/NA meetings twice a week, community service restitution hours, Provide Proof Of Full Time Employment Within 30 Days Of Being Placed On Community Supervision; Agree To Testify Truthfully To The Co-Defendants Involvement In This Case And If Not This Plea Is Still Binding However The Full Range Of Punishment Is Open To The Court; Pay Restitution To Nathan Lawson In The Amount Of $1,000.00 To Be Determined By The Court; No Contact With Nathan Lawson, Nicholas Raden, Roxanne Cunningham And Sabriya Goldstone And Attend AA/NA Meetings Twice A Week.

This Pre-Sentence Investigation Report is respectfully submitted to the Honorable Court for its consideration.

11

Name: Hayes, Matthew Douglas
Cause: 2013CR10841W/2013CR10842W

## XII. SUPERVISION PLAN: The programs/supervision types identified by an "X" are available to the courts for this individual. The department may attach its individual plan if the items outlined below are addressed.

PROGRAMS

| | |
|---|---|
| X | Substance Abuse Counseling |
| X | Substance Abuse Treatment |
| X | Substance Abuse Evaluation |
| | DWI Education Program |
| | DWI Intervention Program |
| | Drug Offender Education Program |
| | DPS Lab Fee |
| X | Urinalysis |
| X | Community Service Restitution |
| | Sexual Offender Counseling Program |
| | Personal Aggression Training Program |
| | Batterers Intervention Program |
| | Parenting Classes |
| X | Jobs Education and Training Skills |
| | GED |
| | Adult Basic Education |
| | English as a Second Language |
| | Electronic Monitoring |
| | Substance Abuse Felony Punishment Facility |
| | Court Residential Treatment Facility |
| | Intermediate Sanction Facility |
| | Jail |

COMMUNITY SUPERVISION TYPES

| | |
|---|---|
| | Pretrial Intervention/Supervision |
| X | Deferred Adjudication |
| X | Regular Community Supervision |
| | DWI Community Supervision |
| | Shock Community Supervision |
| | State Jail Felony |

X   Other (specify)

Provide Proof Of Full Time Employment Within 30 Days Of Being Placed On Community Supervision; Agree To Testify Truthfully To The Co-Defendants Involvement In This Case And If Not This Plea Is Still Binding However The Full Range Of Punishment Is Open To The Court; Pay Restitution To Nathan Lawson In The Amount Of $1,000.00 To Be Determined By The Court; No Contact With Nathan Lawson, Nicholas Raden, Roxanne Cunningham And Sabriya Goldstone; Attend Aa/Na Meetings Twice A Week

## Legal Requirements

N/A    Ignition Interlock (Per T.C.C.P. Article 42.12 Section 13(I))
N/A    Sex Offender Registration (Per T.C.C.P. Article 42.12, Section 11(E))

Respectfully Submitted,

_____    **12/23/2014**    **(210)335-0053**

Medina, Gloria                        Date            Telephone
Supervision Officer

# Appendix G

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED ARE
RENDER FORM V

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) HAYES MATTHEW DOUGLAS | 2. DEPARTMENT, COMPONENT AND BRANCH AIR FORCE--REGAF | 3. SOCIAL SECURITY NUMBER 436 | 87 | 8384 |
|---|---|---|

| 4a. GRADE, RATE OR RANK SRA | b. PAY GRADE E4 | 5. DATE OF BIRTH (YYYYMMDD) 19900208 | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) N/A |
|---|---|---|---|

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY FORT GILLEM GA | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) STOCKBRIDGE GA |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND 802 SECURITY FORCES SQ (AET) | b. STATION WHERE SEPARATED JBSA RANDOLPH AFB TX |
|---|---|

9. COMMAND TO WHICH TRANSFERRED
N/A

10. SGLI COVERAGE  ☐ NONE
AMOUNT: $400,000

11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)
3P051, SECURITY FORCES JOURNEYMAN, 3 YEARS AND 10 MONTHS

| 12. RECORD OF SERVICE | YEAR(S) | MONTHS(S) | DAY(S) |
|---|---|---|---|
| a. DATE ENTERED AD THIS PERIOD | 2009 | MAR | 24 |
| b. SEPARATION DATE THIS PERIOD | 2013 | MAR | 23 |
| c. NET ACTIVE SERVICE THIS PERIOD | 04 | 00 | 00 |
| d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| e. TOTAL PRIOR INACTIVE SERVICE | 00 | 04 | 24 |
| f. FOREIGN SERVICE | 00 | 08 | 02 |
| g. SEA SERVICE | 00 | 00 | 00 |
| h. INITIAL ENTRY TRAINING | 2009 | MAR | 24 |
| i. EFFECTIVE DATE OF PAY GRADE | 2012 | NOV | 24 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)
AF Good Conduct Medal, Global War On Terrorism Expeditionary Medal, AF Longevity Service, AF Training Ribbon.

14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)
(OUM) SECURITY FORCES APPRENTICE, AUG 2009; BASIC MILITARY TRAINING, MAY 2009.

| | YES | NO |
|---|---|---|
| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | | |
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP(10 USC Sec. 2107b) | X | NO |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If yes, years of commitment: ____ ) | X | NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

18. REMARKS
Member has completed first full term of service.
————————————NOTHING FOLLOWS————————————

The Information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) 210 BRIARPATCH COURT STOCKBRIDGE GA 30281 | b. NEAREST RELATIVE (Name and address - include ZIP Code) NO NAME PROVIDED 210 BRIARPATCH COURT STOCKBRIDGE GA 30281 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) GA OFFICE OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | X | YES | NO |

| 21.a. MEMBER SIGNATURE MEMBER NOT AVAILABLE TO SIGN | b. DATE (YYYYMMDD) N/A | 22.a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) CAC/PKI SIGNED BY CARPENTER.ETHEL.M.1118182908 Contractor, USAF, Separation Documentation Technician Mar 25 2013 4:55:32:000PM CAC Serial Number: 087FB0 IssuerCN: DOD CA-30 | b. DATE (YYYYMMDD) 20130325 |
|---|---|---|---|

DD FORM 214, AUG 2009          PREVIOUS EDITION IS OBSOLETE          MEMBER-

113

# Appendix H



**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**(Atlanta)**
**1670 Clairmont Road**
**Decatur, Ga. 30033**

DATE: September 10, 2014

Veteran's Name: Matthew Hayes

SS#:  (678) 209 9390

To Whom It May Concern:

This letter is written on behalf of Mr. Matthew Hayes to provide additional detail about his mental status, treatment, and prognosis.

Mr. Hayes presented for his initial Mental Health appointment through his primary care clinic on February 3, 2014.  Considering the usual wait time for a new veteran to receive a primary care appointment, Mr. Hayes did well to be seen as soon as February 3.  On the basis of that evaluation, he was referred to an intensive specialty program within the VA for veterans with Post Traumatic Stress Disorder, the Trauma Recovery Program.  At his intake appointment with the Trauma Recovery Program on February 21, he was diagnosed with sub-threshold Post Traumatic Stress Disorder and PTSD.  Based on the prevalence of his depression at that time, it was determined that Mr. Hayes would be best served by supportive counseling at a Vet Center in the community for help with his depression and anxiety symptoms.  He was not accepted into the Trauma Recovery Program at that time.  Mr. Hayes followed through on the recommendation, seeing a counselor at a local vet center over the next few months.  However, as his symptoms progressed, in June he returned to the Primary Care Mental Health Clinic where he was initially seen in February.   At that appointment on June 4, he was scheduled for several additional appointments with a psychologist at Fort McPherson and he was also referred to a psychiatrist there for medication.  After several appointments, he was again referred to the Trauma Recovery Program.  He was promptly seen for another evaluation with the PTSD program on August 1.  He was accepted to the program at that time.  He was scheduled to start a psychoeducational and treatment group on September 26.  He was also scheduled for a psychiatry appointment with me September 2.  At that appointment, I confirmed his active diagnoses of PTSD and Major Depressive Disorder.  I adjusted the medication on which he had already been started and scheduled an appointment for him to return in 3 weeks.

Mr. Hayes presented as intelligent and highly motivated for treatment but clearly suffering from Post Traumatic Stress symptoms as well as depression.  His early social and developmental history are suggestive of an individual with good premorbid functioning.  The PTSD symptoms began after he was deployed to Iraq.  When he returned home in the summer of 2011, he felt lost, was highly anxious, had difficulty relating to others, and became depressed.  He experienced severe symptoms near the time that he was discharged from the military.  After leaving the military in March of 2013, his symptoms worsened.  He began regularly drinking alcohol and using marijuana as a means of coping with his severe emotional distress in the context of active PTSD and difficulty adjusting to civilian life.  It is well documented in the literature that combat veterans with PTSD exhibit high rates of comorbidity with substance use disorders and that these can exacerbate underlying symptoms.  It is also the case that veterans with PTSD sometimes become impulsive and engage in reckless behavior.  For veterans like Mr. Hayes, this is related to a profound change in world view and a sense of foreshortened future.  The behavioral changes

manifested by Mr. Hayes in the wake of his deployment and subsequent discharge from the military are consistent with this pattern. As his family and others will confirm, the behaviors were out of character.

In my medical opinion, Mr. Hayes does not have a personality disorder. His diagnosed mental illnesses, PTSD and Depression, are highly treatable. Given his intelligence, family support, his motivation for treatment, his abstinence from drugs and alcohol, his classic symptom picture, and his engagement in an evidence-based treatment program for PTSD, Mr. Hayes has a very good prognosis for recovery if he is allowed to complete treatment. If, on the other hand, he is not able to continue to receive psychiatric care, including targeted medications and therapy for PTSD, his prognosis is rather grim.

It is my firm medical opinion that incarceration will lead to a poor outcome for Mr. Hayes, especially when contrasted with the recovery that is likely to ensue if he is allowed to continue his treatment with the Trauma Recovery program at that Atlanta VA Medical Center. Please consider that any gaps in treatment since January of 2014 should not be construed as lack of motivation on the patient's part. Mr. Hayes has been adherent with all treatment recommendations and appointments. Attached, please find a list of appointments scheduled and attended by Mr. Hayes at the Atlanta VE.

Sincerely,

Belinda McIntosh, MD
Staff Psychiatrist
Atlanta VA Medical Center
1670 Clairmont Rd
Decatur, GA 30033
404 321 6111 ext 4239

APPOINTMENTS FOR: HAYES.MATTHEW DOUGLAS XXX-XX-8384    PRINTED: 9/11/2014 12:36

Feb 03. 2014  1:30 PM (30 MINUTES)  ATL MH/PC INTEGRATION-OEF/OIF

Feb 21. 2014  8:30 AM (180 MINUTES)  ATL MH TRP-INITIAL EVAL GRP

Feb 21. 2014  9:30 AM (120 MINUTES)  ATL MH TRP-KING

Mar 14. 2014 11:00 AM (60 MINUTES)  FTM PC-OEF/OIF NEW PT.

May 21. 2014 10:00 AM (60 MINUTES)  FTM PC-DEL MAZO
  *** CANCELLED BY MOSLEY.SHERRY E ***

May 27. 2014  1:30 PM (90 MINUTES)  ATL TBI-ROSE NEW

Jun 04. 2014  1:30 PM (30 MINUTES)  FTM MH/PC INTEGRATION

Jun 16. 2014 10:00 AM (60 MINUTES)  FTM MHB-PEER GROUP FIELDS
  *** CANCELLED BY JOHNSON.JAMES D JR ***

Jun 17. 2014  2:00 PM (60 MINUTES)  FTM MHA-MCKEE

Jun 30. 2014  1:00 PM (60 MINUTES)  FTM MHA-MCKEE

Jul 29. 2014 10:00 AM (60 MINUTES)  FTM MHA-ABUBAKER

Aug 01. 2014  8:30 AM (60 MINUTES)  ATL MH TRP-INITIAL EVAL GRP

Aug 01. 2014  9:00 AM (120 MINUTES)  ATL MH TRP-POTTS

Sep 02. 2014  9:00 AM (60 MINUTES)  ATL MH TRP-MCINTOSH NEW

Sep 26. 2014 10:30 AM (90 MINUTES)  ATL MH TRP-EDU GRP SIT

Sep 29. 2014 10:00 AM (30 MINUTES)  FTM MHA-ABUBAKER

117



**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
(Atlanta)
**1670 Clairmont Road**
**Decatur, Ga. 30033**

DATE: September 10, 2014

Veteran's Name: Matthew Hayes

SS#: (678) 209 9390

To Whom It May Concern:

This letter is written on behalf of Mr. Matthew Hayes to document his mental health diagnoses and treatment. He has been receiving treatment for Post Traumatic Stress Disorder and Major Depressive Disorder at the Atlanta VA Medical Center since February of 2013. His current medication regimen includes citalopram 20 mg daily and trazodone 25 to 50 mg at bedtime. He was scheduled to begin Trauma Focused Therapy for severe combat-related PTSD on September 26. He has already received treatment for PTSD in the form of several individual therapy sessions and psychiatric appointments over the past 7-8 months.

Mr. Hayes has been adherent with all treatment recommendations and appointments. He is abstinent from using any drugs or alcohol. With continued treatment, Mr. Hayes is likely to experience significant improvement in behavioral and emotional symptoms related to PTSD. There have already been noticeable improvement in the past several months. It is our hope that the courts will take into consideration the Mr. Haye's mental state at the time that the acts for which he is currently incarcerated were committed, especially given that the disorders with which he is diagnosed are treatable.

Signed,

Belinda McIntosh, MD
Staff Psychiatrist
Atlanta VA Medical Center
1670 Clairmont Rd
Decatur, GA 30033
404 321 6111 ext 4239

118